## City National Bank of Paducah v. Rudy, et al.

(Decided May 26, 1925.)

### Appeal from McCracken Circuit Court.

1. Landlord and Tenant—Lessee Held Not Obligated to Surrender Part of Premises for Installation of Heating Plant by Lessor.—Provision in lease of space in building, that if heat were cut off from building lessor would "use all reasonable effort to have the heat restored as soon as possible," imposed no obligation on lessee to surrender part of leased premises constituting only available space for installation of heating plant by lessor after discontinuance of service by company furnishing heat.

2. Contracts—Court Cannot Make Contract Under Guise of Construction.—Court may not make contract for parties under guise of construction, though one, in insisting on strict legal rights under his contract, may be trying to drive hard and fast bargain.

WHEELER & HUGHES for appellant.

J. D. MOCQUOT for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

In this action under the Declaratory Judgment Act to construe a lease contract, it is substantially alleged in

the petition that the plaintiff is the owner of a ten story business and office building in the city of Paducah, the first floor of which is devoted to its business, the upper stories being leased and used for offices. There is a basement under a large part of the building, of which one room twenty feet in width and sixty-five feet in length, is immediately under its counting room, and is the only place on the premises in which could be installed a heating plant. It also owns a storeroom immediately east of its counting room which is intended for its use as a bonding department, though this department has not as yet been established.

At the time of the construction of the office building there existed in Paducah a corporation known as the Paducah Heating Co., which furnished heat to plants of this character by means of steam which was generated by engines and boilers and forced through pipes and conduits under the streets and into the buildings of its patrons, and at the time of the lease involved in this action plaintiff had contracted with that company to furnish heat to its office and tenants.

On the first day of September, 1916, plaintiff leased to the defendants the store room mentioned and the basement thereunder, and also the basement under its counting room for a period of ten years. At the date of the lease it was not known that the heating company would ever retire from business, but there was incorporated in the lease contract the following provision:

> "The lessor is to furnish steam heat to the premises to be occupied by the lessees under this contract through the same pipes and in the same way, and from the same source as the heat is provided for the bank office and other tenants of the building; but if for any reason the supply of heat should be cut off from the building, the lessor is not to be held responsible therefor, but it will use all reasonable effort to have the heat restored as soon as possible."

However one or more years ago the heating company notified its patrons that it would not renew its charter with the city of Paducah and would gradually retire from business. Its charter with the city has since expired and has not been renewed, and in the early months of 1924 it notified plaintiffs and defendants that after the winter of 1924-25 it would not longer supply heat to plaintiffs' tenements including the store building leased

to defendants, and that other arrangements must be made to that end.

It states that practically all of the land owned by it is covered by its buildings and that it has no other means of supplying its 350 tenants with heat, except by constructing a steam heating plant in its building, and that there is no room in any part of the structure for any parts of the machine, engines, boilers, &c., except in the basement in defendant's tenement; that it will require several months to erect a smoke stack and install the necessary machinery for that purpose and unless such work can be begun without delay its tenements will be without heat during the coming winter and it will be irretrievably injured. To that end it had applied to defendants for permission to enter the cellar of defendants' tenement to install the heating system for the purposes cited. It is entitled to enter that cellar and to install the heating plant therein in order that it may "use all reasonable efforts to have the heat restored as soon as possible" to the storehouse so leased to the defendant and also that it may supply heat to its banking house and to the numerous other people occupying its tenements. It is willing to make reasonable concessions to the defendants upon their rental contract for any space occupied in said cellar now under lease to said defendants and have so advised defendants; that defendants have refused to permit it to enter the cellar or to take any of the steps indicated on any terms unless and until plaintiffs agree to extend the period of defendants' lease for a period of five years from the first of September, 1926. It avers that under the terms of its charter it has not the right to indefinitely continue to rent the store building to the defendants and has so explained to them, but they will make no concessions except as those stated.

The prayer is for a construction of the contract and for a judgment permitting it to enter the above described basement under its counting room, and to install a heating plant therein upon such terms as the court may impose. A demurrer was sustained to the petition and plaintiff appeals.

At the time the lease contract was executed the supply of heat was furnished by a third person. The parties contemplated that such supply might cease temporarily or permanently, and such contingency might cause the lessee greater or less inconvenience. The lessor desired

to avoid liability therefor and for its protection the clause in controversy was inserted in the lease.

The words used are of a general nature that might with equal propriety have been inserted in the lease of every tenant in the building, perhaps were so. No obligation is imposed upon the lessee to assist in having "heated restored" and there is no reservation or agreement for them to surrender any portion of the leased premises for that purpose. They relieve the lessor from liability for loss of heat, but it is far afield to say that in the phrase, "it (lessor) will use all reasonable effort to have the heat restored as soon as possible" the word "restore" is to be given the meaning of building a plant in the only available place, and that thereby the parties contemplated using the leased premises therefor.

Construing the language most strongly against the lessor, the natural inference is that the parties contemplated either a continuance of the same plant or a supply of heat from a similar source outside the building, and that if they had intended to make any restrictions upon the lease they would have so stated.

It may be that appellees are endeavoring to drive a hard and fast bargain, though as to this we express no opinion, but we may not make a contract for the parties under the guise of construction, hence no relief can be afforded in this action.

Wherefore, the judgment is affirmed.